UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TAMSIN WOLF<br><br>                         Plaintiff,<br><br>vs.<br><br>TIME WARNER INC.<br><br>                         Defendant. | Index No. 09-CV-06549-RJS<br><br>ECF CASE |

# DECLARATION OF LILLIAN S. GROSSBARD

LILLIAN S. GROSSBARD declares as follows:

1. I am a Senior Attorney of the firm of Cravath, Swaine & Moore LLP, counsel for Defendant Time Warner Inc. I submit this declaration in support of Defendant's Motion for Summary Judgment.

2. Attached hereto as Defendant's Exhibit 1 is a true and correct copy of excerpts from the transcript of the deposition of Tamsin Wolf taken on June 20, 2011 and July 29, 2011, including excerpts from the errata sheet to that transcript.

3. Attached hereto as Defendant's Exhibit 2 is a true and correct copy of excerpts from the transcript of the deposition of Brenda Karickhoff taken on April 28, 2011.

4. Attached hereto as Defendant's Exhibit 3 is a true and correct copy of excerpts from the transcript of the deposition of Kimmberly Bulkley taken on June 16, 2011.

5. Attached hereto as Defendant's Exhibit 4 is a true and correct copy of excerpts from the transcript of the deposition of Harry Spencer taken on July 7, 2011.

6. Attached hereto as Defendant's Exhibit 5 is a true and correct copy of excerpts from the transcript of the deposition of Norma Mero taken on June 7, 2011.

7.     Attached hereto as Defendant's Exhibit 6 is a true and correct copy of excerpts from the transcript of the deposition of Katharine Parker taken on July 13, 2011.

8.     Attached hereto as Defendant's Exhibit 7 is a true and correct copy of excerpts from the transcript of the deposition of Spencer Hays taken on June 27, 2011.

9.     Attached hereto as Defendant's Exhibit 8 is a true and correct copy of excerpts from the transcript of the deposition of Susan Waxenberg taken on August 2, 2011.

10.    Attached hereto as Defendant's Exhibit 9 is a true and correct copy of selected email communications between Tamsin Wolf and Harry Spencer occurring prior to July 28, 2005, and bearing the following Bates numbers: Wolf 0435, Wolf 0520, Wolf 0522, Wolf 0534, Wolf 0539, Wolf 0543, Wolf 0545, Wolf 0554, Wolf 0572, Wolf 0573, Wolf 0577 and EL02555.

11.    Attached hereto as Defendant's Exhibit 10 is a true and correct copy of selected talking points of Kimmberly Bulkley, from meetings she attended at Time Warner, and bearing the following Bates numbers: EL00969-70, HC01605, HC01353-54, HC01685-86, HC01789-90, HC01713-15 and HC00630-32.

12.    Attached hereto as Defendant's Exhibit 11 is a true and correct copy of selected handwritten notes of Kimmberly Bulkley, from meetings she attended at Time Warner, bearing the following Bates numbers: HC01539, HC01543, HC01542, HC01544, HC01687, HC01787, HC01791, HC01760, HC01640, HC01654-55, HC01641 and HC01761-62.

13.    Attached hereto as Defendant's Exhibit 12 is a true and correct copy of selected email communications concerning Norma Mero's maternity leave, bearing the following Bates numbers: HC00650, HC01400, EL00803-04, EL00055-56, EL00807-14 and EL03254.

14. Attached hereto as Defendant's Exhibit 13 is a true and correct copy of selected email communications between Kimmberly Bulkley and Tamsin Wolf following the implementation of the Performance Improvement Plan ("PIP"), bearing the following Bates numbers: HC01946, HC01603-04, HC00218-19, HC00150-51, HC01457-59, EL00174-79, HC001460-61, HC00106-09, HC00183-84, EL00233-36, HC01705, HC01793, EL00932-34 and EL00030-31.

15. Attached hereto as Defendant's Exhibit 14 is a true and correct copy of selected email communications between Harry Spencer and Dawn Werle, Kimmberly Bulkley and other Time Warner employees, bearing the following Bates numbers: EL02591, EL02602-03, Wolf 0625, EL02617-18, EL02667, EL02791, EL01209 and EL2089.

16. Attached hereto as Defendant's Exhibit 15 is a true and correct copy of selected documents concerning the structure and makeup of, and distribution of work in, the Time Warner Legal Department, bearing the following Bates numbers: Wolf 0407-11, HC02714-15, HC04039, EL00064-66 and Wolf 1364-65.

17. Attached hereto as Defendant's Exhibit 16 is a true and correct copy of excerpts from Katharine Parker's notes of witness interviews (other than with Tamsin Wolf) taken during her investigation of Wolf's discrimination complaint, and bearing the following Bates numbers: HC01106, HC01112-14, HC01093-94, HC01099-102, HC01092 and HC01109-11.

18. Attached hereto as Defendant's Exhibit 17 is a true and correct copy of Katharine's Parker's notes taken during her interview of Tamsin Wolf in connection with her investigation of Wolf's discrimination complaint, and bearing Bates numbers HC01080-91.

19. Attached hereto as Defendant's Exhibit 18 is a true and correct copy of Katharine Parker's Investigatory Report and Conclusions, dated July 12, 2007, and bearing Bates numbers HC01271-85.

20. Attached hereto as Defendant's Exhibit 19 is a true and correct copy of Christina Kennedy's handwritten notes (bearing Bates number HC00677) and Kimmberly Bulkley's handwritten notes (bearing Bates numbers HC01407-09) concerning Norma Mero's maternity leave.

21. Attached hereto as Defendant's Exhibit 20 is a true and correct copy of selected communications between Tamsin Wolf and Harry Spencer occurring on or after July 28, 2005, and bearing the following Bates numbers: Wolf 0601, Wolf 0606-07, HC00350, Wolf 0653, HC00091, Wolf 0683-84, Wolf 0700-01, HC02429-32, Wolf 0713-14, Wolf 0725 and EL02794.

22. Attached hereto as Defendant's Exhibit 21 is a true and correct copy of personnel assessments of Tamsin Wolf, Kimmberly Bulkley, Robert Ittner and Norma Mero written by Dennis Duffy, bearing Bates numbers HC01125-27.

23. Attached hereto as Defendant's Exhibit 22 is a true and correct copy of notes from Mark Henderson (of Time Warner's Human Resources Department) regarding an employee complaint against Tamsin Wolf, bearing Bates numbers EL02138-39.

24. Attached hereto as Defendant's Exhibit 23 is a true and correct copy of documents concerning the retirement of Robert Ittner bearing Bates numbers HC00592-94 and EL02813.

25. Attached hereto as Defendant's Exhibit 24 is a true and correct copy of two documents concerning Tamsin Wolf's felony conviction, one of which bears Bates number

4

EL00940, the other of which was produced by Merrill Lynch in this litigation without a Bates number and introduced during Wolf's deposition as Wolf Exhibit 1.

26. Attached hereto as Defendant's Exhibit 25 is a true and correct copy of a document entitled "What Makes Tamsin Tick?" bearing Bates numbers HC00599-601.

27. Attached hereto as Joint Exhibit 1 is a true and correct copy of a letter from Spencer Hays to Tamsin Wolf, dated December 5, 2001, regarding Wolf's employment at Time Warner (which at that time was known as AOL Time Warner), and bearing Bates numbers Wolf 0002-03.

28. Attached hereto as Joint Exhibit 2 is a true and correct copy of Tamsin Wolf's annual performance reviews for the years 2002, 2003, 2004, 2005 and 2006, bearing the following Bates numbers: Wolf 0020-25, Wolf 0052-57, HC01380-84, HC01374-79 and HC01367-73.

29. Attached hereto as Joint Exhibit 3 is a true and correct copy of a May 4, 2007 email attaching a memorandum from Brenda Karickhoff and Kimmberly Bulkley to Tamsin Wolf (copying Katie Braham) regarding the PIP, and bearing Bates numbers HC01483-86.

30. Attached hereto as Joint Exhibit 4 is a June 1, 2007 memorandum from Tamsin Wolf to Kimmberly Bulkley (copying Brenda Karickhoff and Katie Braham) regarding the PIP, and bearing Bates numbers HC00643-49.

31. Attached hereto as Joint Exhibit 5 are memoranda dated June 19, 2007 and June 28, 2007 from Tamsin Wolf to Katie Braham and Katharine Parker regarding the PIP, and bearing Bates numbers HC01425-63 and HC01466-80.

32. Attached hereto as Joint Exhibit 6 is a true and correct copy of an August 6, 2007 memorandum from Brenda Karickhoff and Kimmberly Bulkley to Tamsin Wolf regarding her separation from the Company, bearing Bates numbers HC00633-36.

33. Attached hereto as Joint Exhibit 7 is a true and correct copy of selections from Plaintiff's Response to Defendant's Third Set of Interrogatories dated August 8, 2011.

34. Attached hereto as Joint Exhibit 8 is a true and correct copy of Plaintiff's Response to Defendant's First Request for Admissions dated July 1, 2011, and Plaintiff's Amended Responses to Defendant's First Request for Admissions dated July 26, 2011.

35. Attached hereto as Joint Exhibit 9 is a true and correct copy of Defendant's Response to Plaintiff's First Set of Interrogatories dated April 18, 2011, and Defendant's Second Supplemental Response to Plaintiff's First Set of Interrogatories dated August 3, 2011.

36. Attached hereto as Joint Exhibit 10 is a true and correct copy of Defendant's Response to Plaintiff's First Request for Admissions dated August 10, 2011.

I declare under penalty of perjury that the foregoing is true and correct. Executed on October 7, 2011.

                                                Lillian S. Grossbard