UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TAMSIN WOLF

Plaintiff,

vs.

TIME WARNER INC.

Defendant.

Index No. 09-CV-06549-RJS

### DECLARATION OF KEVIN SMITH

I, Kevin Smith, declare as follows:

1. I am Vice President & Chief Counsel, Labor at Time Warner Cable ("TW Cable"), which separated from its parent company, Time Warner Inc. ("Time Warner"), in March 2009. I joined TW Cable in 2000.

2. Throughout the relevant time period of this case, my responsibilities included labor and employment legal issues for TW Cable. My responsibilities did not include providing legal advice with regard to benefit plans or programs in which TW Cable employees participated, or benefits litigation, as these legal issues were typically handled by the Time Warner Legal Department.

3. On August 23, 2005, Tamsin Wolf contacted me via email regarding an insurance claim that had been paid to Donna Stuart. Stuart was one of two beneficiaries of a TW Cable employee who died in an alcohol-related car accident.

4. In her email, Wolf informed me that Time Warner's insurer, Zurich American Insurance Company ("Zurich"), had issued benefit payments to both beneficiaries, and that the lawyer (who I subsequently learned was Uzoma Ofodu) for one of the beneficiaries (who I subsequently learned was Stuart) was suing TW Cable and Zurich to recover his

contingency fee for his work on Stuart's claim. Wolf also stated in her email that "Zurich is prepared to defend [against Ofodu's claim] and is willing to include Cable in the defense". (EL02833.) Based on Wolf's August 23, 2005 email, I understood that (a) Zurich was the principal defendant in the matter; (b) Zurich was taking responsibility for the defense and communicating with Wolf and presumably others in Time Warner's Corporate Legal Department; and (c) I was not expected or needed to play an active role in the litigation.

5. On October 27, 2005, when Ofodu's complaint was served on TW Cable, I forwarded the complaint to Wolf, and I asked Wolf to confirm that Zurich was indemnifying TW Cable. Consistent with prior practice and Wolf's August 23, 2005 email, I assumed someone in the Time Warner Legal Department was coordinating with Zurich on the litigation. In response, Wolf informed me that Zurich would not be indemnifying TW Cable, but she never informed me that Time Warner would be indemnifying Zurich. She also continued to describe the litigation as a Zurich issue, not a Time Warner issue, reiterating that she had spoken to Zurich about the matter and "they [were] going to vigorously defend it". (EL00448.) Wolf never indicated or suggested to me at any point that she was relying on me or anyone else at TW Cable to handle any aspect of the litigation. Again, I assumed this was being handled out of Time Warner's Corporate Legal Department, as would be typical in litigation involving benefits.

6. Apart from being copied on an additional email in August 2006 from Wolf seeking an affidavit from a TW Cable employee on behalf of outside counsel representing Zurich and Time Warner, I had no involvement in the Ofodu litigation prior to Wolf's termination in August 2007.

7. At no time—either in her August 2005 or October 2005 emails or otherwise—did Wolf notify me of any of the following facts relating to the litigation: (i) that she had instructed Zurich to issue payment to Stuart (and not to Ofodu); (b) that at the time she gave Zurich this direction, she (and Zurich) knew that Stuart was represented by Ofodu; (c) that at the time she gave Zurich this direction, she (and Zurich) knew that Ofodu had a lien on the benefit proceeds; or (d) that Time Warner was indemnifying Zurich for all costs it incurred in connection with Ofodu's lawsuit.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 7, 2011.

_____
Kevin Smith