UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TAMSIN WOLF,

                Plaintiff,

   -against-

TIME WARNER INC.,

                Defendant.

09-CV-06549 (RJS)

## DECLARATION OF DENNIS P. DUFFY

I, Dennis P. Duffy, declare as follows:

1. I am a member of the law firm Baker Botts LLP. I submit this declaration in my personal capacity in opposition to Plaintiff Tamsin Wolf's Motion for Summary Judgment on Defendant's Eighth Affirmative Defense in the above-referenced matter. I make this declaration based on my own personal knowledge and on information provided to me by Time Warner.

2. In June 2002, I was hired by Time Warner Inc. ("Time Warner" or "the Company") as a Vice President and Associate General Counsel, Employment, working in the Time Warner Legal Department in New York. I continued working for Time Warner in this position until July 2006, when I returned to Houston, Texas to lead the Labor and Employment Law Group at Baker Botts LLP.

3. From the beginning of 2003 until July 2006, Tamsin Wolf, who was then a benefits attorney in the Time Warner Legal Department, reported directly to me. On various occasions over the course of my management of Ms. Wolf, I criticized her for not keeping me advised on matters she was working on and for a lack of transparency. I specifically informed her on more than one occasion that she needed to keep me fully informed of any important

matters on which she was providing legal advice, and that copying me on emails was not a sufficient way to keep me fully informed on such matters.

4.  In the summer of 2005, Ms. Wolf advised me generally that she was working on an insurance benefits matter involving Time Warner Cable ("TW Cable"), that it involved death benefits in the context of an alcohol-related accident, that she was in communications with Time Warner's insurer, Zurich American Insurance Company ("Zurich") on the matter and that Kevin Smith, a lawyer at TW Cable, was involved. She did not provide me with any further details about the matter.

5.  On August 23, 2005, Ms. Wolf copied me on an email to Smith, indicating that one of the recipients of death benefits (Donna Stuart) was represented by a lawyer (Uzoma Ofodu) who intended to sue Time Warner, TW Cable and Zurich to recover his contingency fee for his work on Ms. Stuart's benefits claim. In this email, Wolf stated that "Zurich is prepared to defend and is willing to include Cable in the defense". (PX H at EL02833.) I understood from Wolf's statement that Zurich was taking principal responsibility for defending the matter, and that Time Warner did not have an active role. I also believed from my prior communications with Wolf that she was keeping Smith fully informed, which I now understand was not the case.

6.  After receiving this email, I had a brief conversation with Ms. Wolf about the matter and the intention of Mr. Ofodu to sue Time Warner. During that conversation, Ms. Wolf was evasive with respect to the matter and did not disclose the following facts, all of which I understand Time Warner discovered after Ms. Wolf's termination from the Company: (a) that she had instructed Zurich to pay full claim proceeds directly to Donna Stuart; (b) that at the time she gave Zurich this direction, she knew that Donna Stuart was represented by a lawyer (Mr. Ofodu); and (c) that at the time she gave Zurich this direction, she knew that Mr. Ofodu had a

lien on the benefit proceeds. At no time during my employment with Time Warner, did Ms. Wolf disclose any of these details to me, nor was I ever aware of any of these details during my employment at Time Warner. As her manager and particularly in light of specific directions I had given to Ms. Wolf concerning keeping me fully informed on significant matters, Ms. Wolf should have advised me of all of the above-referenced details.

7. Also during this conversation following Ms. Wolf's August 23, 2005 email, I did not tell Ms. Wolf to direct Zurich to "aggressively" or "vigorously" defend against Mr. Ofodu's lawsuit on Time Warner's behalf. Nor did I tell her that Zurich should retain local counsel. Ms. Wolf was not a litigator, and I would not have directed her to manage any litigation; indeed, Ms. Wolf led me to believe that Zurich was handling this litigation on its own.

8. I understand that while Ms. Wolf was employed by Time Warner, Mr. Ofodu offered to settle his lawsuit for $23,428.50, and that Ms. Wolf rejected this settlement offer. Ms. Wolf did not discuss this settlement offer with me before she rejected it.

9. Ms. Wolf's actions with respect to directing payment to Donna Stuart, and concealing that direction in the course of the subsequent litigation, were undertaken without seeking approval from me or any other manager in the Legal Department. If I had determined that Ms. Wolf had intentionally concealed important facts of this matter from me and had made the decision to pay Donna Stuart directly, I would have recommended terminating Ms. Wolf's employment.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 2, 2011 at Houston, Texas.

*/s/ Dennis P. Duffy*
Dennis P. Duffy